UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUZANNE CONSTANTINO,

    Plaintiff,

  v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-00829-DWC

ORDER ON MOTION FOR ATTORNEY'S FEES

  Plaintiff Suzanne Constantino filed a Motion for Attorney Fees ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 17. Defendant objects to the Motion, contending Defendant's position in the underlying case was substantially justified. Dkt. 19.

  The Court concludes Defendant's position was not substantially justified. Accordingly, Plaintiff's Motion (Dkt. 17) is granted. Plaintiff's request for an additional 1 hour expended in defending this Motion is also granted. *See* Dkt. 20.

ORDER ON MOTION FOR ATTORNEY'S FEES - 1

## BACKGROUND

On November 28, 2017, the Court found the ALJ erred in her assessment of medical opinion evidence from Dr. Shawn K. Kenderline, Ph.D., and Dr. Richard W. Washburn, Ph.D.[1] Dkt. 15. Accordingly, the Court reversed the ALJ's decision and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*; *see also* Dkt. 16.

On January 29, 2018, Plaintiff filed the present Motion. Dkt. 17. Thereafter, on February 13, 2018, Defendant filed a Response. Dkt. 19. That same day, Plaintiff filed a Reply. Dkt. 20.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The

---

[1] Due to these errors, the Court ordered the ALJ to reassess Step Three, Plaintiff's RFC, and Step Five on remand, as well. Dkt. 15, pp. 13-14.

Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

### I. Substantially Justified

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the Administration for further consideration. *See* Dkt. 15, 16. To award attorney's fees to a prevailing plaintiff, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Pierce*, 487 U.S. at 565; *Flores*, 49 F.3d at 569). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Toebler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the fact the Administration did not prevail on the merits does not compel the Court to conclude its position was not substantially justified. *See Kali*, 854 F.2d at 334.

1 | In this case, the Court found the ALJ erred in her treatment of medical opinion evidence
2 | from Drs. Kenderline and Washburn. *See* Dkt. 15, pp. 7-13. While the ALJ provided several
3 | reasons for giving less weight to these two opinions, her reasons were improper, unsupported by
4 | the record, and conclusory. *See id.* As the ALJ did not provide specific, legitimate reasons
5 | supported by substantial evidence for discrediting Drs. Kenderline and Washburn, the Court
6 | found the ALJ committed harmful error in her consideration of these two opinions. *See id.*

Defendant argues Dr. Kenderline wrote his "results were invalid because Plaintiff 'did not follow instructions,'" and therefore, the ALJ properly determined "Dr. Kenderline relied more heavily on Plaintiff's unreliable statements than on any objective evidence." Dkt. 19, pp. 2-3 (citing Dkt. 9, Administrative Record ("AR") 25, 360). Defendant's argument is simply unsupported by the record. Namely, Dr. Kenderline did not write his *own* test results were invalid. Rather, when discussing records he reviewed, Dr. Kenderline wrote: "Beck Anxiety Inventory (BAI) = invalid; client did not follow instructions on this instrument." AR 360. Hence, the context of Dr. Kenderline's evaluation reveals he did not write that his results were invalid, but rather that a record he reviewed was invalid.

Furthermore, as discussed in the Court's underlying Order, Dr. Kenderline conducted his own objective testing to support his findings, including both a clinical interview and mental status examination. *See* AR 360-61, 363-64. As such, his evaluation cannot be discounted for relying on Plaintiff's statements. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and mental status examinations "cannot be discounted as a 'self-report,'" and "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to [psychiatry] opinions"). Thus, the Administration's opinion regarding Dr. Kenderline's position was not substantially justified. *See Meier*, 727 F.3d at 872 (an ALJ's position was not

substantially justified where she failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting a medical opinion).

With respect to Dr. Washburn, Defendant argues the government's position was substantially justified because Dr. Washburn "expressly formed his opinion 'according to Ms. Constantino's report.'" Dkt. 19, p.3 (citing AR 372). Nonetheless, like Dr. Kenderline, Dr. Washburn conducted his own objective testing, including both a mental status exam and other psychological tests. *See* AR 367-72. Hence, the ALJ again erred by discounting Dr. Washburn's opinion for relying on Plaintiff's self-reports. *See Buck*, 869 F.3d at 1049; *see also Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (citation omitted) (an ALJ cannot discredit a physician's opinion for relying on the plaintiff's self-reports when the physician himself did not discredit plaintiff's reports and makes his own observations). Accordingly, the Administration's position regarding Dr. Washburn's opinion was not substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1070, 1072 (9th Cir. 2008) (government's position was not substantially justified where ALJ erred in assessing claimant's RFC by failing to properly assess the medical evidence).

For the above stated reasons, the Administration has not shown substantial justification. Further, there are no special circumstances which render an EAJA award in this matter unjust. The Court therefore finds Plaintiff is entitled to attorney's fees under the EAJA. *See Meier*, 727 F.3d at 872; *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("we have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees."); *Toebeler*, 749 F.3d at 834 ("[b]ecause the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified") (emphasis in original).

**II.     Reasonableness of Fee**

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. Here, Defendant does not challenge the reasonableness of the fee. *See* Dkt. 19. Moreover, based on the circumstances of this matter, briefing, declarations, and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 17, 20. Specifically, the Court finds Plaintiff's request for $4.50 in expenses, and attorney's fees in the amount of $4,496.65 (representing 22.85 hours of work), for a total award of $4,501.15, reasonable. *See* Dkt. 17, 20.

**CONCLUSION**

For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

Plaintiff is awarded $4.50 in expenses.

Plaintiff is awarded $4,496.65 in attorney's fees, representing 22.85 hours of attorney work, for a total award of $4,501.15, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Janet Leanne Martinez, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be

mailed to Plaintiff's counsel, Janet Leanne Martinez, Douglas Drachler McKee & Gilbrough, 1904 3rd Ave., Suite 1030 Seattle, WA 98101.

Dated this 8th day of March, 2018.

_David W. Christel_
David W. Christel
United States Magistrate Judge